SILVANO B. MARCHESI (SBN 42965)
County Counsel
JANET L. HOLMES (SBN 107639)
Assistant County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, 9th Floor
Martinez, California 94553
Telephone: (925) 335-1800
Facsimile: (925) 335-1866
email: jholm@cc.cccounty.us

Attorneys for Defendants
COUNTY OF CONTRA COSTA,
SANDRA ANDRADE and
LORI CASTILLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MURRAY,<br><br>    Plaintiff<br><br>v.<br><br>CONTRA COSTA COUNTY, ET AL,<br><br>    Defendants. | Case No. C08-01539 TEH<br><br>ANSWER OF DEFENDANTS COUNTY OF CONTRA COSTA, SANDRA ANDRADE and LORI CASTILLO and<br>REQUEST FOR JURY TRIAL<br><br>Date:<br>Time:<br>Dept: 12, Honorable Thelton E. Henderson<br>Date Action Filed: March 20, 2008<br>Trial Date: None assigned |

Defendants County of Contra Costa, Sandra Andrade and Lori Castillo (hereafter jointly "Defendants") in response to plaintiff's Complaint ("Complaint"), hereby admit, deny, answer and allege as follows:

ANSWER

1. Responding to the first numbered paragraph of plaintiff's Complaint, Defendants admit this court has jurisdiction based on federal question.

2. Responding to the second numbered paragraph of plaintiff's Complaint, Defendants admit that venue is proper in this court.

3. Responding to the third numbered paragraph of plaintiff's Complaint, individually nameD Defendants admit that they work within this judicial district.

4. Responding to the fourth numbered paragraph of plaintiff's Complaint, Defendants admit the allegations of the first sentence but deny the allegations as to the residence of J.M., based on lack of current information and belief.

5. Responding to the fifth numbered paragraph of plaintiff's Complaint, Defendants admit the allegations.

6. Responding to the sixth numbered paragraph of plaintiff's Complaint, Defendants admit the allegations.

7. Responding to the seventh numbered paragraph of plaintiff's Complaint, Defendants admit the allegations.

8. Responding to the eighth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belied..

9. Responding to the ninth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

10. Responding to the tenth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

11. Responding to the eleventh numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

12. Responding to the twelfth numbered paragraph of plaintiff's Complaint, Defendants admit te allegations of the first sentence and deny the remaining allegations based on lack of information and belief, and instead assert that plaintiff initially denied paternity of

J.M..

13. Responding to the thirteenth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief, and instead assert that plaintiff initially denied paternity of J.M..

14. Responding to the fourteenth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations.

15. Responding to the fifteenth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

16. Responding to the sixteenth numbered paragraph of plaintiff's Complaint, Defendants admit the allegations of the first sentence and deny the remaining allegations.

17. Responding to the seventeenth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

18. Responding to the eighteenth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations.

19. Responding to the nineteenth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

20. Responding to the twentieth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations.

21. Responding to the twenty-first numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

22. Responding to the twenty-second numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

23. Responding to the twenty-third numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

24. Responding to the twenty-fourth numbered paragraph of plaintiff's Complaint, Defendants admit the allegations.

25. Responding to the twenty-fifth numbered paragraph of plaintiff's Complaint,

Defendants deny the allegations based on lack of information and belief.

26. Responding to the twenty-sixth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

27. Responding to the twenty-seventh numbered paragraph of plaintiff's Complaint, Defendants deny the allegations .

28. Responding to the twenty-eighth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

29. Responding to the twenty-ninth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

30. Responding to the thirtieth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations that Andrade and Castillo acted to deprive plaintiff of any constitutionally protected rights.

31. Responding to the thirty-first numbered paragraph of plaintiff's Complaint, Defendants deny the allegations.

32. Responding to the thirty-second numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

33. Responding to the thirty-third numbered paragraph of plaintiff's Complaint, Defendants deny the allegations.

34. Responding to the thirty-fourth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations.

35. Responding to the thirty-fifth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

36. Responding to the thirty-sixth numbered paragraph of plaintiff's Complaint, Defendants deny the allegations based on lack of information and belief.

37. Responding to the thirty-seventh numbered paragraph of plaintiff's Complaint, Defendants deny the allegations..

## AFFIRMATIVE DEFENSES

1. AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that the first amended complaint and each cause of action contained therein fails to state any claim upon which relief can be granted.

2. AS A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are shielded from any liability by public entity and statutory immunities.

3. AS A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

4. AS A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that at all times herein mentioned, all actions taken by Defendants and County employees were reasonable under the circumstances and taken under a good faith belief that the actions were lawful and Defendants and County employees are therefore immune under the Good Faith Immunity Doctrine.

5. AS A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune from liability, and cannot be held liable for any injury that may have been sustained by plaintiff, which injury Defendants specifically deny, and that Defendants and employees were at all relevant times performing duties in an objectively reasonable manner, within lawful responsibilities, and are therefore immune from suit.

6. AS A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that each claim and cause of action is barred by the failure of plaintiff to exhaust all available administrative remedies, including but not limited to those available through Defendants

Contra Costa County.

7. AS A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that in the event that the trier of fact finds any liability on the part of these answering Defendants, which liability is herein denied, answering Defendants will seek the benefit of several liability for non-economic damages as provided in Civil Code sections 1431 through and including 1431.5.

8. AS AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, public entity Defendants allege that they cannot be found liable for punitive damages pursuant to Government Code section 818.

9. AS A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that as to any state law claims, each cause of action is barred under the provisions of Government Code section 910, et seq., and Code of Civil Procedure section 313 for failure to comply with requirements of filing a timely and sufficient tort claim and failure to set forth in any tort claim filed the facts and theories that are set forth in the pending Complaint.

10. AS A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that the negligence of others, if any, was greater than the negligence of Defendants, if in fact and Defendant was negligent, and the liability, if any, of said answering Defendants should be diminished in direct proportion to the fault, if any, attributable to others as compared with that of said answering Defendants.

11. AS AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune pursuant to Government Code sections 815 and 815.2.

12. AS A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege they

are immune pursuant to Government Code section 815.6 for exercise of any mandatory duty when reasonable diligence was used in discharging that duty.

13. AS A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune pursuant to Government Code section 818.2 for adopting or failing to adopt an enactment or by failing to enforce any law.

14. AS A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune pursuant to Government Code section 818.8 for misrepresentations.

15. AS A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune pursuant to Government Code sections 820.2 and 815.2 for exercise of discretion.

16. AS A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune pursuant to Government Code sections 820.4 and 815.2 for the execution or enforcement of any law.

17. AS A SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are not liable to the plaintiff pursuant to Government Code sections 820.6 and 815.2.

18. AS A EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that any and all culpable acts, omissions, or conduct, if any, which allegedly caused the injuries and damages sought in the Complaint on file in this action, were caused by third parties and therefore answering Defendants are not liable to the plaintiff pursuant to Government Code sections 820.8 and 815.2.

19. AS A NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants deny they acted in any way contrary to the understood Constitutional rights of plaintiff and therefore are entitled to qualified immunity. To the contrary, Defendants instead allege that legitimate, non-discriminatory, valid, reasonable and good faith reasons supported each and every decision made by Defendants and its employees in the exercise of legitimate State-mandated and enabled discretion.

20. AS A TWENTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are not liable to the plaintiff pursuant to Government Code sections 815.2 and 821.6.

21. AS A TWENTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are not liable to the plaintiff pursuant to Government Code sections 815.2 and 822.2.

22. AS A TWENTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are privileged and immune for their actions taken pursuant to the provisions of the California Welfare and Institutions Code.

23. AS A TWENTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune pursuant to Civil Code section 47(a), et seq.

24. AS A TWENTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune from liability pursuant to the provisions of sections 810 through 895.8 of the California Government Code.

25. AS A TWENTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants

allege that plaintiff's action, and claims alleged therein, are barred by the provisions of Code of Civil Procedure section 340(3), 342, 42 USC §1983, et seq., and every other limitations period applicable to each and every cause of action alleged in the complaint.

26. AS A TWENTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, Defendants allege that the complaint, and causes of action alleged therein are barred by the doctrines of collateral estoppel and res judicata.

27. AS A TWENTY-SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, Defendants allege that Plaintiff is guilty of unclean hands and therefor cannot recover in this lawsuit.

28. AS A TWENTY-EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that Plaintiff himself was responsible for any alleged damage or injury, which damage and injury are specifically denied by Defendants.

29. AS A TWENTY-NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, Defendant and its employees were justified and privileged in doing each of the things alleged to have been done, to the extent such things were done at all.

30. AS A THIRTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that plaintiff himself is responsible for any injury sustained, which injury Defendants deny.

WHEREFORE, Defendants pray for the following relief:

1. That plaintiff take nothing by his Complaint and that Defendants be dismissed;
2. That Defendants be awarded costs;
3. That Defendants be awarded attorneys fees; and
4. For such other relief that the court deems just and proper.

JURY REQUEST

Defendants request a trial by jury.

DATED: June 4, 2008

SILVANO B. MARCHESI
COUNTY COUNSEL

By: _____
Janet L. Holmes
Deputy County Counsel
Attorneys for Defendants COUNTY
OF CONTRA COSTA, SANDRA
ANDRADE and LORI CASTILLO