IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY MURRAY,

          Plaintiff,

v.

SANDRA ANDRADE,

          Defendant.

NO. C08-01539 TEH

ORDER RE: QUESTIONS FOR HEARING

     The Court has reviewed the papers submitted by Plaintiff Gregory Murray ("Murray") and Defendant Sandra Andrade ("Andrade") regarding Andrade's motion for summary judgment on the basis of qualified immunity. The parties are HEREBY ORDERED to come to the motion hearing on Monday, June 27, 2011, at 10 a.m., fully prepared to answer the following questions:

1. The federal case law cited by the parties does not appear to clearly establish a non-custodial parent's post-deprivation procedural due process rights. Do the California cases cited by Murray clearly establish these federal procedural due process rights? If so, how? If not, why not?

2. Is it possible for state case law to clearly establish federal constitutional rights for the purposes of a qualified immunity analysis? Please cite authority in your answer.

3. Does it matter to the Court's qualified immunity analysis whether Murray is considered an "alleged" or "presumed" father? Or is that distinction only pertinent to state law? Please cite authority in your answer.

4. Murray cites five California statutes regarding notice to interested parties in juvenile court. In *James v. Rowlands*, 606 F.3d 646, 656-57 (9th Cir. 2010), the Ninth Circuit explained that a state statute creates a right protected by the Due

Process Clause "only if the state law contains: (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." Do the statutes cited by Murray establish substantive predicates or mandate any outcomes? Or do they "simply require notice" like the statutes at issue in *James*? Please explain your answer in light of the outcome in *James*.

**IT IS SO ORDERED.**

Dated: 6/23/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT